# UNTIED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

EDWARD J. VALENTI
    Plaintiff

CIVIL ACTION NO:

v.

BENTLEY MOTORS, INC
    Defendant

## COMPLAINT
## PARTIES

1. Plaintiff, Edward J. Valent is a resident of the State of Rhode Island.

2. Defendant, Bentley Motors, Inc., (Bentley) is a foreign corporation duly authorized to conduct business in the State of Rhode Island

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 15 U.S.C. §2310(d), Magnuson-Moss Warranty – Federal Trade Commission Improvement Act. Jurisdiction is further conferred as the Defendant, Bentley Motors, Inc. has sufficient minimum contact with the State of Rhode Island, and the matter in controversy exceeds the sum of $50,000 exclusive of interest, costs, and fees.

## FACTS AS TO ALL COUNTS

4. On or about July 31, 2018 the Plaintiff purchased a 2015 Bentley Continental GT (Vin# SCBGH3ZA4FC044615) from Bentley Greenwich in Stamford Connecticut for the amount of One Hundred Sixty Thousand ($160,000) dollars. At the time of delivery, the Plaintiff purchased from the Defendant an additional one-year certified pre-owned (CPO) warranty for Five Thousand ($5,000.00) dollars. Since that time the Plaintiff has paid insurance premiums for the vehicle

1

for eighteen (18) months as well as State and Municipal Sales, Use, and Property taxes and incurred other economic losses.

5. The vehicle was delivered to the Plaintiff via flatbed truck to 3 Celona Drive, Johnston, RI.

6. Defendant is the importer and wholesaler of said vehicle.

7. Defendant is the warrantor of said vehicle pursuant to 15 U.S.C. §2301(5).

8. Plaintiff is a consumer pursuant to 15 U.S.C. §2301(1).

9. Shortly after the purchase of said vehicle, Plaintiff became aware of that the convertible top was not operating in the appropriate manner. Plaintiff took the vehicle back to Greenwich Bentley and the dealer replaced the convertible top.

10. Due to the Bentley being out of service for over forty-five days, Greenwich Bentley offered to pay Thirty-Five Hundred ($3500.00) dollars towards a third CPO warranty, with the Plaintiff paying for the remainder of the cost of the warranty.

## COUNT I

## MAGNUSON-MOSS WARRANTY ACT

11. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 of this Complaint.

12. After the Bentley was returned to the Plaintiff, he noticed defects or malfunctions that have been documented by authorized servicing agents of the Defendant.

13. Said defects was/is a loud and annoying clanking, banging and vibrating inside the driver's compartment; along with a wheel shimmy.

14. Plaintiff brought the Bentley back to both Miller Motorcars d/b/a Greenwich Bentley and UAB West Bay IB, LLC d/b/a Bentley Providence on several occasions in an attempt to remedy said defects.

15. Both Greenwich Bentley and Bentley Providence are/were aware of the defects and have indicated that they cannot remedy the defects.

16. Pursuant to 15 U.S.C. §2304(a)(4), Defendant, through its authorized servicing agents, has had a reasonable number of attempts to remedy the defects or malfunctions, all to no avail, rendering the vehicle unfit for its intended purpose.

**WHEREFORE,** Plaintiff demands this Court order the Defendant, Bentley Motors take possession of the motor vehicle and refund the entire purchase price, along with any costs associated with the purchase of the vehicle, and award other economic loss and consequential damages, along with attorney's fees and costs as provided in 15 U.S.C. §2304(a)(4) and 15 U.S.C. §2310(d)(2).

## COUNT TWO

## RHODE ISLAND

## UNIFORM COMMERCIAL CODE

17. Plaintiff hereby invokes the Pendent and Ancillary jurisdiction of this Court.

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 of this Complaint.

19. Defendant is a "merchant" as defined in R.I. Gen. Laws §6A-2-104.

20. The subject matter of this Complaint, one 2015 Bentley Continental GT is a "good" as defined in R.I. Gen. Laws §6A-2-105.

21. As the Defendant is a merchant with respect to the purchase of the 2015 Bentley Continental GT by Plaintiff, said transaction created an implied and actual warranty that the vehicle was of merchantable quality and fit for ordinary purposes in accordance with R.I. Gen. Laws §6A-2-314.

22. Upon purchase, Plaintiff inspected the vehicle but failed to observe or detect the defect(s) or malfunction(s) described in paragraph 13 herein.

23. After the Bentley was returned to the Plaintiff as indicated in paragraph 9, he noticed defects or malfunctions that have been documented by authorized servicing agents of the Defendant.

24. Said defect was/is a loud and annoying clanking, banging and vibrating and shimmying inside the driver's compartment.

25. Servicing agents of Defendant were afforded several opportunities to remedy said defect(s) or malfunction(s) to no avail.

26. As a result of the defect(s) mentioned in paragraph 23 the vehicle was unfit for its ordinary purpose, would not pass without objection in the trade, and was thus unmerchantable at the time of sale.

27. As a proximate result of the unmerchantable quality of the 2015 Bentley Continental GT, Plaintiff has suffered economic losses.

**WHEREFORE**, Plaintiff demands this Court void said purchase of the motor vehicle, order Bentley to take back said vehicle. Award Plaintiff a refund of his purchase price along with consequential and incidental damages, and with reasonable attorney's fees.

Edward J. Valenti
By His Attorney,
Petrarca & Petrarca Law Offices

Peter J. Petrarca, Esq. (#6137)
330 Silver Spring Street
Providence, Rhode Island 02904
Tel:   (401) 273-1111
Fax:   (401) 621-2225

**Plaintiff hereby requests a trial by jury.**

Dated: 12/9/2019